United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| HERIBERTO R. M.,<br>"Petitioner," | § | |
| v. | § | Civil Action No. 1:26-cv-00178 |
| WARDEN, Port Isabel Detention Center, *et al.*, *in their official capacities*,<br>"Respondents." | § | |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"); Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 6) ("MSJ"); and Respondents' "Status Report" (Dkt. No. 9).

Respondents' Status Report informs the Court of Petitioner's removal from the United States on August 4, 2026. Dkt. No. 9 at 1. The Court concludes from this filing that the Petition is now moot. [1]

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case-or-controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, the Petition challenges[2] Petitioner's mandatory detention without an individualized custody determination and seeks relief in the form of release from Respondents' custody. Dkt. No. 1 at 13. Because Petitioner's removal necessarily ended the challenged detention and placed him

---

[1] Because mootness "is a jurisdictional matter [,]" courts are "obliged" to raise the issue "sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

[2] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), Dkt. No. 1 at 13. Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed.

beyond Respondents' custody, the Court can no longer grant the relief sought in the Petition, and the case is now moot.

For these reasons, the Petition (Dkt. No. 1) is hereby **DISMISSED sua sponte** and Respondents' MSJ (Dkt. No. 6) is **DENIED as moot**. The Clerk of Court is **ORDERED** to close this case.

SIGNED this October 1, 2026

Rolando Olvera
United States District Judge